UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT W. RIVERA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CV1526 RLW ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bank of America, N.A.'s Motion to Dissolve Temporary Restraining Order (ECF No. 7) and Motion to Dismiss Complaint and Dissolve *Ex Parte* Temporary Restraining Order Entered by State Court. (ECF No. 10) Plaintiff Scott W. Rivera ("Rivera") has not filed a response, and the time for doing so has expired. Upon consideration of Defendant Bank of America, N.A.'s ("BANA") motions, the Court will dissolve the state court injunction and hold the motion to dismiss in abeyance pending a response from Plaintiff.

## Background

On August 31, 2018, Plaintiff Rivera, acting *pro se*, filed a Motion for Temporary Restraining Order in the Circuit Court of St. Louis County, Missouri. (ECF No. 5) Rivera sought to halt the foreclosure sale of his home located at 108 Martigney Drive, St. Louis, Missouri 63129. (*Id.*) That same date the state court issued an *ex parte* Temporary Restraining Order ("TRO") delaying the sale until after the hearing set for September 12, 2018. (ECF No. 6)

On September 4, 2018, attorney Richard Warneck entered his appearance on behalf of Rivera. (ECF No. 1-1 p. 18) Defendant BANA filed a motion to dissolve the TRO on September 5, 2018. (ECF No. 7)

On September 11, 2018, prior to the scheduled hearing, BANA filed a Notice of Removal to federal court on the basis of diversity jurisdiction. (ECF No. 1) Plaintiff Rivera did not respond to the motion to dissolve the TRO filed in state court. On January 15, 2019, BANA filed a Motion to Dismiss Complaint and Dissolve *Ex Parte* TRO. Plaintiff failed to timely respond to the motion in compliance with Local Rule 4.01(B)[1] and Rule 6 of the Federal Rules of Civil Procedure.

## Discussion

With respect to Defendant BANA's motion to dissolve the TRO, the Court finds that dissolution of the *ex parte* TRO is warranted. "An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439–40 (1974). Under Rule 65 of the Federal Rules of Civil Procedure, "[t]he order expires at the time after entry–not to exceed 14 days–that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Plaintiff did not timely seek an extension of the TRO or

---

[1] Under Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri, "each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B).

2

otherwise demonstrate good cause for continuing the TRO. Further, BANA did not consent to an extension of the TRO. Thus, under Rule 65(b), the injunction expired, at the latest, on September 25, 2018, fourteen days after Defendants removed the case to this Court. *Granny Goose Foods*, 415 U.S. at 440. The district court has the authority to dissolve injunctions issued prior to removal. 28 U.S.C. § 1450. The Court therefore will dissolve the *ex parte* TRO issued by the state court.

With respect to Defendant BANA's motion to dismiss, the Court notes that, although Plaintiff is now represented by counsel, his original motion for TRO which BANA removed to federal court was filed *pro se*. Out of an abundance of caution, the Court will grant Plaintiff Rivera additional time to file a response to Defendant BANA's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bank of America, N.A.'s Motion to Dissolve Temporary Restraining Order (ECF No. 7) is **GRANTED**, and the *ex parte* Temporary Restraining Order issued by the state court on August 31, 2018 is **DISSOLVED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's Motion to Dismiss Complaint no later than February 8, 2019. Failure to comply with this Order may result in dismissal of Plaintiff's cause of action with prejudice.

Dated this 29th day of January, 2019.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**