UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT W. RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV1526 RLW |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16). Plaintiff Scott Rivera ("Rivera") has filed a Response to Defendant's Motion to Dismiss[1] (ECF No. 20), and Defendant Bank of America, N.A. ("BANA") has filed a Reply in support of the motion (ECF No. 21). Rivera also filed a Response to BANA's Reply (ECF No. 23). However, that response does not comply with the Court's local rules which require leave of Court before filing additional memoranda, and the Court will not consider the arguments contained therein. E.D. Mo. L.R. 4.01(C). Upon thorough consideration of the pleadings, the Court finds that dismissal of Plaintiff's First Amended Complaint is warranted.

---

[1] The Court notes that Plaintiff Scott Rivera has attached an exhibit entitled "First Amended Complaint" to his response in opposition to the motion to dismiss, adding Beth Rivera, the co-obligor on the mortgage at issue, as a Plaintiff. (ECF No. 20-1) However, under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within a specified time frame, after which "a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Rivera filed a First Amended Complaint on February 19, 2019. He now purports to have filed another First Amended Complaint as an exhibit. Defendant BANA has not consented, nor has the Rivera requested leave to file a second amended complaint showing good cause for such amendment. The Court notes that Rivera filed the response and attached exhibit four months ago in March 2019, and counsel has made no effort to correct this filing error.

## I. Background

On August 31, 2018, Rivera, acting *pro se*, filed a Motion for Temporary Restraining Order in the Circuit Court of St. Louis County, Missouri. (ECF No. 5) Rivera sought to halt the scheduled September 4, 2018 foreclosure sale of his home located at 108 Martigney Drive, St. Louis, Missouri 63129 ("Property"). (*Id.*) That same date the state court issued an *ex parte* Temporary Restraining Order ("TRO") delaying the sale until after the hearing set for September 12, 2018. (ECF No. 6) On September 4, 2018, attorney Richard Warneck entered his appearance on behalf of Rivera. (ECF No. 1-1 p. 18) On September 11, 2018, BANA filed a Notice of Removal, removing the action to federal court on the basis of diversity jurisdiction. (ECF No. 1) The Court dissolved the *ex parte* TRO on January 29, 2019. (ECF No. 11) To date, the Property has not been sold in foreclosure.

On February 19, 2019, Rivera filed a First Amended Complaint, asserting that Rivera, who purchased the Property with his then-wife in 2007,[2] received letters in August of 2018 informing Rivera that he was in default and the Property was in foreclosure. (First Amended Compl. ("FAC") ¶¶ 2, 6-7, ECF No. 15) Upon receipt of these letters, Rivera sought a loan modification, and received an application from a BANA representative, along with a list of required documents. (*Id.* at ¶¶ 6-9) Rivera alleges that he was misled into thinking he was eligible for a loan modification and that BANA was reviewing his application. (*Id.* at ¶¶ 10-12) However, he was later informed that he should not have been offered a loan modification and that he was ineligible. (*Id.* at ¶¶ 13-14) Rivera further claims that the Trustee listed on the Deed of Trust did not have the authority to pursue foreclosure and invoke the power of sale. (*Id.* at ¶¶ 16-19)

---

[2] The Rivera's marriage was dissolved in August 2016. However, they both remain co-obligors on the note. (Compl. ¶ 3, ECF No. 15)

2

Rivera brings a claim for wrongful foreclosure because the Successor Trustee Millsap & Singer was not recorded on the Deed of Trust, and the foreclosure of the Property was therefore wrongful. He seeks a Court declaration that the foreclosure is null and void, as well as monetary damages. (*Id.* at ¶¶ 22-25) Rivera further alleges a claim for violation of the Missouri Merchandising Practices Act ("MMPA"), asserting that BANA offered Rivera to apply for a new loan modification by communicating that he was qualified. (*Id.* at ¶ 27) Finally, Rivera contends negligent misrepresentation on the part of BANA because Rivera relied on the BANA representative's offer to apply for a loan modification and assurance that Rivera qualified for the modification and suffered damages as result. Rivera also claims that he believed BANA had the right to pursue foreclosure when it did not have a properly appointed Trustee. (*Id.* at ¶¶ 29-31) Defendant BANA filed its motion to dismiss Plaintiff's First Amended Complaint on March 5, 2019. (ECF No. 16)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

3

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

### A. Count I Wrongful Foreclosure

BANA argues that Plaintiff Rivera has failed to state a claim for wrongful foreclosure because no foreclosure sale has taken place, and Missouri law does not recognize a claim for attempted wrongful foreclosure. "A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (citations omitted). Further, "a plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Id.* However, no cause of action for *anticipated* wrongful foreclosure exists under Missouri law. *Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 5923445, at *9 (E.D. Mo. Nov. 13, 2018) (citation omitted). Because the Property has not been

sold in foreclosure, Rivera's claim for wrongful foreclosure is merely one for anticipated wrongful disclosure and fails as a matter of law. *Id.*

To the extent that Rivera seeks injunctive relief enjoining any foreclosure on the Property, this claim also fails. Rivera claims that the Successor Trustee Millsap & Singer had no authority to take any action on the Property before the formal recording of their appointment on August 7, 2018. Plaintiff objects to any action taken by the Successor Trustee prior to the appointment being recorded. Plaintiff presents no case law in support of the proposition that such objectionable actions warrant injunctive relief. "A property owner who disputes a lender's right or ability to foreclose upon her property may sue to enjoin the foreclosure sale from occurring." *Memhardt*, 2018 WL 5923445, at *10 (citing *Cmty. Bank of Raymore v. Patterson Oil Co.*, 463 S.W.3d 381, 385 (Mo. Ct. App. 2015)). "An invalid deed of trust may for[m] the basis of such a claim." *Id.* However, here Plaintiff does not argue that the Deed of Trust was invalid, and a failure to modify a loan is not a basis for obtaining injunctive relief for wrongful foreclosure. *Id.* Additionally, Plaintiff concedes that Millsap & Singer has been appointed by BANA to replace the original Trustee on the Deed of Trust and that the appointment was recorded on August 7, 2018, before the scheduled foreclosure sale that never took place. (Pl.'s Response to Def.'s Mot. to Dismiss pp. 1-2, ECF No. 20) The Court therefore finds that Rivera's claim for wrongful foreclosure in equity also fails as a matter of law and will be dismissed accordingly.

### B. Count II Violation of Missouri Merchandising Practices Act

In its motion to dismiss, BANA asserts that Rivera has failed to state a claim under the MMPA because Rivera has failed to meet the heightened fraud pleading standards under the Act. In addition, BANA contends Rivera has failed to state a claim because the alleged conduct was

5

not in connection with the original sale, and Rivera has failed to allege damages, which is necessary for a claim under the MMPA. In response, Rivera claims that he has stated a claim under the MMPA with sufficient particularity because BANA's actions deceived Rivera into believing that he had another viable option, loan modification, instead of only paying a full reinstatement sum to BANA.

The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1. "To state a claim under the MMPA, Plaintiff must show that (1) [he] purchased the merchandise in question; (2) [he] purchased the merchandise for personal, family, or household use; (3) [he] suffered an ascertainable loss; and (4) the ascertainable loss was the result of an unfair practice." *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011–12 (E.D. Mo. 2014) (citations omitted). "To satisfy the fourth element, the plaintiff is required 'to allege facts establishing that defendants used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the lease' or purchase of the product." *Snelling v. HSBC Card Servs., Inc.*, No. 4:14CV431 CDP, 2015 WL 457949, at *9 (E.D. Mo. Feb. 3, 2015) (quoting *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 1194, 197-98 (Mo. Ct. App. 2009)).

The Court finds that Rivera has failed to state a claim under the MMPA. Rivera asserts that the act of "offering a new loan modification while having no intention of evaluating the application" occurred in connection with the sale of the Property and that he suffered damages "to his credit and reputation, mental anguish and duress." (FAC ¶¶ 27) However, Rivera

6

"cannot create a viable MMPA claim by asserting that the relevant transaction is not the original loan but rather [BANA's] subsequent actions regarding a possible loan modification and/or possible foreclosure due to default of the original mortgage loan terms." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 894 (E.D. Mo. 2013). Negotiations for a loan modification are not "'in connection with' the sale of this loan because that was not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 408 (Mo. 2014); *see also Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 889 (8th Cir. 2014) (holding that "any statement by Wells Fargo with respect to the availability of a loan modification is not actionable under the MMPA").

Further, Rivera has failed to allege any ascertainable loss of money or property as a result of BANA's allegedly unfair loan modification offer. "'An ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA.'" *Cregan v. Mortg. One Corp.*, No. 4:16 CV 387 RWS, 2016 WL 3072395, at *4 (E.D. Mo. June 1, 2016) (quoting *Hoover v. Mercy Health*, No. ED97495, 2012 WL 2549485, at *4 (Mo. Ct. App. July 3, 2012)). Potential damages, such as damages to his reputation and mental health, alleged by Rivera in his First Amended Complaint, are insufficient to establish an MMPA claim. *Id.* Thus, the Court finds that Rivera has failed to state a claim against BANA for a violation of the MMPA, and that claim will be dismissed.

### C. Count III Negligent Misrepresentation

Rivera alleges in Count III that BANA invited Rivera to apply for a new loan modification by telling him that he qualified for the modification, and Rivera relied on that statement. He also contends that he erroneously believed BANA had the right to pursue foreclosure under the Deed of Trust when no successor Trustee had been recorded. Defendant

7

BANA asserts that Rivera has failed to state a claim for negligent misrepresentation. The Court agrees.

To state a claim for negligent misrepresentation, a plaintiff must show: "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 134 (Mo. 2010) (citation omitted). "A party must prove every element of a claim for negligent misrepresentation for the claim to succeed." *Id.*

Here, Rivera merely alleges that he relied on the invitation and offer to apply for a new loan modification. Nothing in the pleadings would support a finding that BANA or any of its representatives failed to exercise reasonable care. To the contrary, Rivera's complaint shows that BANA representatives attempted to help Rivera but were ultimately unable to do so. As such, Rivera has failed to state a claim for negligent misrepresentation. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 853 (8th Cir. 2014) (dismissing plaintiff's negligent misrepresentation claim for failure to state a claim where plaintiff failed to allege facts to support a finding that a bank director failed to exercise reasonable care in the loan modification process). Therefore, the Court finds that Plaintiff has failed to state a claim on Count III of his First Amended Complaint.

The Court notes that Rivera requests leave to file an amended complaint if the motion to dismiss is granted. Although the Court should freely grant leave to amend when justice so requires under Fed. R. Civ. P. 15(a)(2), Rivera has failed to file a proper motion for leave or

8

provide an explanation of the substance of his proposed amendment. Rivera's two sentence paragraph in his response in opposition to BANA's motion to dismiss is insufficient to justify granting leave to amend. *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16) is **GRANTED.** A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 31st day of July, 2019.

                                        *Ronnie L. White*
                                  **RONNIE L. WHITE**
                                  **UNITED STATES DISTRICT JUDGE**